IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. ALEXANDER ACOSTA, <br> SECRETARY OF LABOR, <br> UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br> PPS PRESERVATION, INC., a corporation, and <br> NICK POTOCHNICK, individually and as <br> owner of the aforementioned corporation. <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : Civil Action No. _____ <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## COMPLAINT

Plaintiff, R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin Defendants PPS PRESERVATION INC., a corporation, and NICK POTOCHNICK, individually, and as owner of aforementioned corporation (collectively, "Defendants"), from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, hereinafter referred to as "the Act," and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1.     Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2.     Defendant PPS PRESERVATION, INC. is a corporation duly organized under the laws of the Commonwealth of Pennsylvania, with a registered address of 5538 Hamilton St. South, Sciota, Pennsylvania 18354.  PPS Preservation, Inc. is engaged in cleaning and preservation services of foreclosed homes, within the jurisdiction of this court.

3.     Defendant NICK POTOCHNICK is the sole shareholder of the corporation identified in Paragraph 2.  Potochnick has directed employment practices and has directly or indirectly acted in the interest of PPS Preservation, Inc. in relation to its employees at all relevant times herein, including hiring and firing employees and setting employees' conditions of employment, and thus is an employer of said employees within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

4.     The business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act, 29 U.S.C. § 203(r).

5.     At all times hereinafter mentioned, Defendants have employed and are employing employees in and about their place of business in the activities of an

enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.  For example, Defendants' employees clean and maintain foreclosed homes in Pennsylvania and New Jersey, requiring transportation, trade, transmission, and/or communication among these States.  This enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00.  Therefore, Defendants' employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

6. During the time period from at least September 21, 2014, through at least September 24, 2016, Defendants willfully violated the provision of Sections 6 and 15(a)(2) of the Act by failing to pay employees for all hours worked, in an enterprise engaged in commerce or in the production of goods for commerce and compensating these employees for certain workdays at rates less than the applicable statutory minimum rate prescribed in Section 6 of the Act.  Therefore, Defendants are liable for unpaid minimum wages and an equal amount of liquidated damages under Section 16(c) of the Act.  For example:

  a. Defendants failed to pay some employees for hours worked in their last week of employment with Defendants.

   b. Defendants failed to pay at least one employee for all hours worked in a two week period.

   c. Defendants deducted from an employee's pay, reducing the pay to below the statutory minimum wage for the workweeks for which the deduction was applied.

  7. During the time period from at least September 21, 2014, through at least September 24, 2016, Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by failing to pay their employees in an enterprise engaged in commerce or in the production of goods for commerce the statutory requirement of overtime compensation of time and one half the regular rate of pay for hours worked in excess of forty hours in a week.  Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.  For example:

   a. Defendants employed a carpenter and day office manager who regularly worked over forty hours in a workweek. These employees did not supervise two or more full time employees; did not have authority to hire or fire; did not exercise independent judgment or discretion with regard to matters of importance.  These employees did not receive compensation at a rate not less than time and one half their regular rates for hours worked in excess of forty hours in a workweek.

      b.      Defendants employed three employees who did not work irregular hours and who did not work under contract. These employees regularly worked over forty hours per week, but did not receive compensation at a rate not less than time and one half their regular rate for hours worked in excess of forty hours in a workweek.

      8.      Defendants violated the provision of Sections 11(c) and 15(a)(c) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516. Specifically, Defendants failed to make, keep, and preserve records containing hours worked each workday, total hours worked each workweek and total wages paid each pay period. 29 C.F.R. § 516.2(6)-(7), (11).

      WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

      (1)      For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act;

(2) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period from at least September 21, 2014 through September 24, 2016, and for an equal amount due to certain of Defendant's current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after September 24, 2016, and may be owed to certain current and former employees presently unknown to the Secretary and for the period covered by this Complaint; or

(3) In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Nicholas C. Geale
Acting Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

*/s/ Bertha M. Astorga*
Bertha M. Astorga
Attorney, PA ID# 320644
Office of the Solicitor
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106-3306
(215) 861-5126 (Phone)
(215) 861-5162 (Fax)
Astorga.Bertha.M@dol.gov

U.S. DEPARTMENT OF LABOR
Attorneys for Plaintiff